SECOND UNITARIAN SOCIETY IN PORTLAND *et al. vs.*
WILLIAM WOODBURY *et al.*

It is a principle well settled in equity, that a trust need not be created in writing. It is sufficient if it be proved under the hand of the party to be charged.

Where a party invokes the aid of a Court of Equity to enforce a trust in his favor, it will be awarded only on the condition, that he shall do equity.

BILL in equity, by the *2d Unitarian Society in Portland,* and *Charles Mussey* and *Enoch Paine.* Certain persons associated together, prior to *March* 2, 1835, to form a society for public worship, and were desirous of purchasing a house for that purpose already erected and for sale. Three of the number, *Charles Mussey, Enoch Paine,* and *Sam'l Winter,* who is now deceased and insolvent, and on whose estate the defendants, *Woodbury* and *Newhall,* are administrators, by the request of the associates, on that day purchased the house before the society could be legally formed and organized, and paid therefor, by giving their joint note, the sum of eleven thousand dollars, and took a conveyance thereof to themselves. There was no trust on the face of the deed, but there was parol evidence, that the purchase was made in trust for the society. The society was afterwards incorporated, and occupied the house with the concurrence of *Mussey, Paine,* and *Winter.* During *Winter's* life, a considerable portion of the note was paid by the society by sale of their pews, and since his death the residue has been paid by *Mussey* and *Paine.* The bill alleged, that *Winter* paid no part of the note. The answer of the administrators admits the intention of holding in trust, but states, that they believe, *Winter* paid one thousand dollars in money towards the purchase of the property, and know not that he paid the money with any other expectation, than that it should be reimbursed.

There was a demurrer to the bill at the same time the answer was filed. The case was argued at *April* term, 1836, and the Court granted leave to amend the bill by inserting the names of the heirs at law of *Winter,* and the action was continued. At *April* term, 1837, the heirs at law of *Winter* were defaulted. As the Court was not then composed of the same persons, as in the

preceding year, the counsel agreed to submit the case on the minutes of the Chief Justice, of the former argument.

*Fessenden, sen'r,* argued for the plaintiffs, and cited *st. of* 1830, *c.* 462; *Jeremy's Eq. c.* 1, § 3; *Livingston v. Livingston,* 2 *Johns. Ch. R.* 537; 5 *Vesey,* 722; 4 *Vesey,* 592; 1 *Mad.* 458; *Rev. St. c.* 52, § 13; also *st. c.* 342, § 2.

*Daveis* argued for the defendants, and to show, that the demurrer and answer were both rightly put in together, cited 1 *Fowler's Exch. Pr.* 359; 1 *Hoffman's Ch. Pr.* 214; 1 *Grant's Ch. Pr.* 134; 1 *Atkins,* 291.

The case was continued for advisement, and the opinion of the Court afterwards drawn up by

WESTON C. J. — The bill avers, that the meeting-house in question, was purchased by *Winter, Mussey,* and *Paine,* in trust for the society, to whom it was to be conveyed when the trustees were relieved from the liability they had assumed on their account. That, for reasons assigned in the bill, no trust was expressed in the deed. That the society was formed, proceeded to exercise acts of ownership over the house, and paid a considerable part of the purchase money, with the concurrence of the trustees.

Without adverting to the doctrine of resulting trusts, it is a principle well established in equity, that a trust need not be created by writing. It is sufficient if it be proved in writing, under the hand of the party to be charged. *Steere v. Steere,* 5 *Johns. Ch.* 1. Whether there did or did not exist written evidence of the trust charged, does not appear by the bill. Before the heirs at law of *Winter,* in whom the fee of the part of the property conveyed to him vested by law, were made parties to the bill, it might be questionable, whether it could be sustained against the administrators alone; but there can be no question but they are properly made parties with the heirs at law. *Winter* being deeply insolvent when he deceased, his administrators have a contingent interest in the real estate, of which he died seised, to be sold and administered, for the benefit of his creditors.

The heirs at law, having been made parties, under leave to amend, and having been defaulted, the question presented for our consideration, on the demurrer interposed by the administrators, is,

whether the plaintiffs have set forth any case, entitling them to relief under their amended bill. By the demurrer, the averments in the bill are admitted to be true. No question arises as to the nature or competency of the proof, which the plaintiffs might have had in their power to adduce. The bill charges a trust. The demurrer admits it. A case then is presented within the jurisdiction of the Court, entitling the *cestuis que trust* to equitable relief; and the demurrer is therefore overruled.

The heirs at law having been defaulted, as against them the bill is to be taken as true. In the answer, put in by the administrators, they do not deny the trust charged, but distinctly admit it. Upon this part of the case therefore, the plaintiffs are relieved from the necessity of exhibiting proof, and the Court from considering the nature and competency of such as might have been furnished. The answer avers, that one thousand dollars, part of the purchase money, was advanced by *Winter*, in his lifetime. This is admitted, or is not controverted ; but it is insisted, that it may have been a gratuity, for the use of the society, in which *Winter* took a deep interest ; and that this may well be presumed. We do not regard this fact of essential importance in deciding upon the equity of the case. *Winter* being deeply insolvent, if he advanced the thousand dollars as a gratuity, it was out of the funds of his creditors. Aside from the trust set up by the plaintiffs, the creditors have a right to require, that this property should be sold for their benefit. The plaintiffs invoke the aid of this Court, to enforce a trust in their favor. Claiming relief in equity, it can be awarded them only upon the condition, that they do equity. And we are satisfied, that equity requires, that they should refund to the creditors of *Winter*, to be paid to the administrators in trust for them, the thousand dollars, which was abstracted from means to which they were justly entitled.

Upon the whole case, the Court order and decree, that the plaintiffs causing the administrators of *Winter*, as such, to be discharged from the note, signed by him for the purchase of the meeting-house, and paying also to the administrators the sum of one thousand dollars, to be administered according to law, that thereupon the heirs at law of *Samuel Winter*, deceased, convey to the second *Unitarian Society* in *Portland*, by good and sufficient deed, all the right, title and interest in and to the meeting-house in question, of which the said *Winter* died seised.